The land sued for in this action was no part of the estate of Thomas Wade, Sr., at the time of the judgment against his executors. He had conveyed it in his lifetime to George Wade, upon whose death it descended to his brothers Holden and Thomas Wade. The recital in the sheriff's deed, therefore, that Thomas Wade was seized in fee of that tract when the execution was levied, is not founded in fact.
But it is contended by the defendant that this land being sold by the sheriff, and his sale confirmed by the executors, their heirs are now estopped to claim it. But I am of opinion that this would be to give a forced interpretation to their endorsement on the deed; for from the very terms of it, they profess to act only in pursuance of the power given to them by the will of their father, viz., to sell and dispose of his
lands for the payment of his debts. And it seems an unlikely (376) circumstances that they should intend to confirm the sale of a tract of land belonging to themselves, for the same purpose, when it was not derived by descent from the father. It is possible that in a sale of so many tracts, not less than eight or nine, comprehended in the same deed, they might not have distinguished this one, which certainly the sheriff had no right to sell. Nor do I think that the cases relied upon prove that the plaintiffs are estopped to claim. They proceed on the common principle that a tenant shall not deny the title of his landlord. But the question here is whether persons acting in the character of executors, and with an express reference to the power conferred by the will, shall convey lands not belonging to the testator. I think the deed is not so to be understood, for Lord Coke says that every estoppel must be certain to every intent, and not taken by argument or inference; that is ought to have a precise affirmation of that which maketh the estoppel. 1 Co. Lit., 352 b.
Judgment for the plaintiff.
NOTE. — Upon the question of estoppel. see Millison v. Nicholson,1 N.C. 499; Yarborough v. Harris, 14 N.C. 40; Barnett v. Roberts,15 N.C. 81. *Page 289 
(377)